The first case on calendar for argument is Friedman v. City of Fairfax. Good morning, Counsel. Good morning, Your Honors. Richard Harris on behalf of Kobe Friedman. May it please the Court, and I'd like to reserve three minutes for rebuttal, and I'll keep an eye on the clock. Thank you, Counsel. To survive a motion to dismiss, Kobe Friedman need only allege plausible facts that show that he may be entitled to relief, and that's what he did here. After Mr. Friedman asserted his rights as a homeowner and upset town officials, he was singled out, his permit was revoked, and he lost the chance to build the home he wanted. The district court erred first in claiming that Mr. Friedman had no vested interest, vested right in his permit. Under California law, only two things need to be shown in order to receive a vested right in a construction permit, that a party has to receive the permit, and that they have to conduct substantial work. This was done in this case. But doesn't the work have to be done in compliance with the permit, though? So work was done in compliance with the permit. But is there work that was done that was not in compliance with the permit? So we believe that work, that all of the work was done in compliance with the permit. Specifically, Building Code 107.4 allows Mr. Friedman to complete work which is not in compliance with the permit and is not a safety issue. If we disagree with your argument on that point, what does that do to your position? So at, even if, so first we believe that if you disagree with my argument on that point, then the building officials are stopped from claiming that Mr. Let me explore that just a little bit. So if your position is not correct about the California statute that you say allows you to proceed and then get permission later, then how would you have a vested interest in doing the work that was not approved previously? So in June 2023, Mr. Lockerbie, the building official, told Mr. Friedman that he could continue the work except for the two areas where Mr. Friedman stated that he, or where Mr. Lockerbie believed were outside the scope of the permit. But now you're going to estoppel. Yes. But you would not have a vested right under the scenario that Judge Rawlinson just pointed out. So once Mr. Friedman began substantial work on the project, say November 2022, well before any work is not in compliance with the permit, at that point he has a vested right. In the conclusion of the permitted work. So as he is conducting the work, perhaps an example would be helpful. If the permit allowed him to do work between 9 and 5 p.m., but one day at the end of the work he continued his work to 530 in violation of the permit, it wouldn't be that his vested right would be extinguished. Well, let me – so suppose he's permitted to build a one-story house and he wants to go and start building a four-story house. You wouldn't say that he has a vested right in building a four-story house after he's been approved for a one-story house, would you? He would not have a vested right in building the four-story house if he had a permit for a one-story house. Right. So just to establish that. There's not a vested interest in a scope of work that is outside the contours of the permit if we don't agree with you about the building code argument. And so now you're relying on a different argument for estoppel saying, well, he relied on what Mr. – is it Lockerbie? Lockerbie. Lockerbie said. Yes. So Mr. Friedman is not stating that for the areas of the project that are outside the scope of the permit, he has a vested right in those areas. What he does have is a vested right in the permit. And I believe this is another spot where the district court erred. The district court wanted to claim that he had a vested right in portions of the project and allowed his limited leave to amend on that point. But the project is just the physical item which is there on the property. The right that he has is to, in this case perhaps, remove anything that is not – remove the stairs, close in the deck, right, make the building consistent with the permit and continue to construct. That's the vested right. But you didn't plead that he had a vested right to do those things and was prevented from doing those things. He had a – his vested right is in the permit. But he's going beyond the permit. Right. So for the portions, when he has his vested right in the permit, he has a right to construct consistent with the permit. Leaving aside my argument about the building code, once we get to where there is an alleged violation of the permit, right, that doesn't change the fact that he has a vested right in the construction consistent with the permit. But did you request the opportunity to remove the portions of the building that were not consistent with the permit? Did you request that from the city? So Mr. Freeman – That's a yes or no? No. The – Mr. Freeman was involved in negotiations with the city from June 2023 until August 2023 when the red tag was placed without a hearing. But the problem is if you did not request from the city that you be allowed to rectify the portions of the project that were not consistent with the permit, how can you say there's a violation of due process if you never asked for that? I understand. Maybe I can answer it a different – the complaint specifically states that there was negotiations between – during that period between June 2023 and August 2023 when counsel for Freeman reached out to counsel for the town and requested that the part – that all changes would be submitted for approval within 60 days and the town did not respond to this request. And on that – more than that, if the complaint is missing the specific request that you have, right, of those negotiations of trying to bring his permit into compliance between June 2023 and August 2023, then Mr. Freeman should be given leave to amend to add those facts. Did he submit plans that showed – altered plans that showed the work that he wanted to do or was doing? Mr. Freeman did submit – if you look at the complaint, in June 2023 he did submit plans to the building official who has authority himself to approve plans. And that's when the building official came up with his agreement, which he gave Mr. Freeman, right? Do not work on these two items until they are approved by the town or you otherwise resolve the issue, but you can continue work on the rest of your building. Did Mr. Freedman submit plans consistent with what he wanted to do to the town authority to get that approved? Since June 2023, Mr. Freeman did not submit any other plans to the town to move forward with that approval. So the plans that were submitted in June 2023 were for what? They were submitted to the building official on his request. The building code allows the building official to approve some changes to the plans. And he has discretion to determine – And what were – specifically, what were the changes that result in that plan that was submitted? So the changes are detailed in the complaint. There are two. There is a stairs on the back deck. Right. And there is a porch on the front. Neither were considered by Mr. Lockaby to be a safety issue. But were they within the confines of the permit that was issued? So those items were – so we contest that the building code 107.4 allows Mr. Freeman to make these kinds of changes. Not the changes like a two-story house to a four-story house, but the changes like adding a – But the permit as granted by the city did not include those. Is that fair? Yes. If you looked at the permit, you would not see those particular changes. And a moment ago, you said that in submitting the plans to the official, he said, do not work on the unapproved things. You'd have to get formal approval for that. But you can continue working on the approved things. So why did Mr. Freeman think that he should just go ahead and start working on the unapproved things anyway? So I want to be really clear because the district court did not get this either. Mr. Freeman did not work on the unapproved things. From June 2023, he did not do any work on the unapproved items. Mr. Lockaby falsely determined – and this is paragraph 38 of the First Amendment complaint – handed out his red tag without a hearing. That is the red tag that the superior court determined was in fact illegal. And so that issue was resolved by the superior court, correct? Saying that the red tag should not have been issued. Yes, the superior court resolved that the red tag should not have been issued. That's right. And so how can that be a basis for a due process violation if it were heard and resolved by the superior court? If you're speaking to the res judicata issue? Well, I'm just saying, how can that be a due process violation if you got a hearing and the issue was resolved, albeit in a different form? But how can there be a due process violation for the city if the issue was resolved? So the superior court determined that there was a violation and then allowed the permit to be reinstated. California law – and we state this both in our brief – allows essentially a successive pleading. First for the writ of mandate and then for the damages. But as a practical matter, what would a hearing before the city have accomplished at that point? Well, if there was a hearing, if Mr. Lockerbie had followed the law and provided a hearing in August 2023, the first thing that Mr. Friedman would get is to be able to actually determine what Mr. Lockerbie would say about the offer and opportunity he gave in June 2023. But if your client never submitted the plans that showed the work that he wanted to do, and lost following Judge Rawlinson's question, he never sought that approval. So he wasn't deprived of due process rights with respect to a hearing on plans that he never submitted. Well, to be clear, the plans had not been submitted yet. These plans are not – this isn't like a quick, you know, opportunity to just put these together, right? They need to be – the package needs to be put together and submitted. There were negotiations going on between the town and Friedman's counsel at this time. Counsel, you're down to three minutes. Did you want to save your remaining time for rebuttal? Yeah, I would. Thank you. All right. Thank you. Good morning. May it please the Court? Amy Hoyt, appearing on behalf of appellees. I wanted to start by touching on a couple comments made by counsel during his portion of the argument. There was a comment made that the plans had been submitted, and I'm referring back to August 9th of 2022. However, there's no allegations in the First Amendment complaint that the plans were submitted in June 2023. And I would also respond to the comment that Mr. Friedman did not conduct any work on the changed elements. If we look at paragraph 31 of the First Amendment complaint, and this was referenced in counsel's argument, counsel wrote down, offering that Friedman would cease work on items described in 24B and 24C. Those were two of the changed elements, and request a modification and submit plans. So the First Amendment complaint clearly shows that the plans were never submitted, that Friedman was continuing to do work on the elements of the project that were changed. That's in the First Amendment complaint, and we must assume those are true. Counsel, you do acknowledge that the superior court ruled that the red tag notice was not properly imposed. What's your response? How does that affect this case? It affects this case in that that was a writ of mandate decision under 1085 of California Code of Civil Procedure, which pertains to mandatory ministerial acts. That due process was not raised in that claim. So I do not believe that that means that he necessarily has due process rights violated. And I would refer back to the court's reasoning, the decision court's reasoning in the ruling, which we agreed with and explained in our papers, that there was no entitlement, no right or entitlement pled to a right that would trigger due process protection in the First Amendment complaint. All that was alleged, essentially, was inverse condemnation and takings claims, which are not the same as due process. But the superior court decision was based on a procedural claim, right?  It was. And so why doesn't that affect whether or not there was adequate due process provided by the city? Well, I guess our response to that would be the res judicata argument that we made in our papers, that to the extent there was a due process claim, it could have been raised at that time, and it wasn't. In the appellant's reply brief, they cite a case saying that you can't apply res judicata to inverse claims because you can split, basically, your takings from your damages. But we're not arguing that it applies to the inverse claims. We're arguing that it applies to the due process claims. So that could have been raised, and it wasn't. And under California law, it's precluded by res judicata. But you didn't bring up res judicata in front of the district court, did you? No, we did not. Okay. No. That is, as we state in our papers, that is an argument we raised for the first time. However, because it is an issue of law, we do believe that we can, that it's appropriate for the court to consider it, at your discretion, of course. I mean, even if we don't consider it, I'm struggling to see what the due process violation is because if, at the end of the day, Mr. Friedman got two hearings from the city, I think it was the Planning Commission first and then the city council itself, over these issues, what's the nature of the due process? And over a temporary suspension, what's the nature of the due process violation then? We're struggling to see that, too, and I think the district court was as well. And I think our harmless error argument in our appellate's brief plays on that as well, in that he did receive two hearings, had an opportunity to present his evidence, and did not. And I think — Well, I mean, I suppose, you know, he is also arguing that he was entitled to cross-examine witnesses or have more protective features in those hearings that he did not get. Correct. What would you respond in that sense? So I believe the argument that he has a right to cross-examine comes from the Kelly v. Goldberg case. And that, I don't have the exact language in my mind, but it does talk about the need for cross-examine or the ability or right to cross-examine if there are substantial questions of fact. And there are no substantial questions of fact here. We have allegations in the First Amendment complaint that we must assume to be true. And those allegations are that appellant changed the plans in three ways, that he was working on those plans, that Lockerbie told him, look, you need to submit modified plans showing these changes that you're doing. You can work on what's approved in the permit, but you cannot work on those. And we have First Amendment complaint allegations that he was working on them. So the key facts here are not undisputed. So because of that, there's no need to have cross-examination. I mean, cross-examination — I'm a municipal attorney. It's very rare that you have cross-examination in a land use regulatory hearing, right? That's highly unusual. And in this circumstance, the allegations pled in the petition really defeat the argument that, oh, there's these substantial questions that we need to cross-examine. Counsel, what's your response to opposing counsel's estoppel argument that Mr. Lockerbie represented that he could continue to work on the project? According to the allegations, again, in the First Amendment complaint, which he must assume to be true, Lockerbie told him he could continue working on the permitted plans. He specifically said not to work on elements — the changed elements are in paragraph 24 of the First Amendment complaint. There's A, B, and C. And Lockerbie specifically told him not to work on elements B and C, and he did. So I think that's one argument that there was no reasonable reliance. In addition, given that the permit specifically says in paragraph 15 that any changes to the modification would require new applications, I think that's condition 15, there's no reasonable person that would assume that they could build outside the permit and, you know, do whatever they want. It's a rather absurd argument. Well, it's a classic ask forgiveness, not permission argument. It absolutely is. That's hardly new. It absolutely is. But I do have one question for you, and that's how you deal with the argument that the property that's entitled to due process protections that weren't given before it is taken away, and this permit was suspended, revoked, and that's not disputed. So how do you deal with the permit as property? Sure. The permit is a piece of paper. And in and of itself, it's — So is my law license. It's true. But it gives you the right to build what's approved in the permit. Outside of that, it has no value. And there's nothing alleged in the petition that says the value is anything other than the right to build the permit. And I would point out that the district court did give leave to amend for plaintiff appellant to flesh that theory out, but he chose not to. And he does, in fact, raise that argument in his briefing. Let me see if I have the page here. Right. So in I believe it's paragraph 20 of the opening brief, appellant argues that he, quote, has a property right in the permit that the town already granted in reliance of which he completed substantial work, end quote. I don't know what that is, if not the exact thing that the district court granted him leave to amend. The district court said he could amend to allege facts about a vested right in the permit to construct those portions of the project approved in the permit. That would be a vested right if the permit — so is your argument that the permit did not give him a vested right to proceed in accordance with the permit? Well, we argue in the brief, and I believe it's supported by the Avco case and the town colony case, which are California decisions, that once you exceed the permit — the scope of your permit, you lose your vested right. Exactly. But if he had not exceeded the scope of the permit, he would have a vested right in building in accordance with the permit. Do you agree with that? I would agree with that, yes.  And, I mean, we wouldn't be here this morning if Appellant had decided to build the project that was approved or if Appellant had — I understood, but I was just questioning whether or not you agreed that it was a vested right, property right, to proceed in accordance with the permit. Once he had begun substantial work on it, yes. Okay. I don't think I agree that just because he had the permit it was a vested right. I do believe Avco requires expenditure of funds or substantial work to be completed. Well, we don't have to resolve that point today.  We do not. They may or may not agree, but —  I briefly wanted to touch on the Building Code 170.4 argument. Appellant quotes part of the statute, but not the whole thing, so I wanted to present the whole thing, which is, quote, Work shall be installed in accordance with the approved construction documents and any changes made during construction that are not in compliance with the approved construction documents shall be resubmitted for approval as an amended set of documents, of construction documents. So that's an end quote. So there's two mandatory provisions in Section 107.4. Work performed must comply with the approved plans and changes made to the approved plans must be resubmitted for approval as an amended set of plans. There's nothing in there that says you can build everything different than the plans and come to us at the end. That's not a reasonable interpretation of this, and it also conflicts with the plain language of the permit, which says you need to resubmit. And the Building Code expressly states that it does not preempt local ordinance, local legislation. So unless the Court has more questions, I'm prepared to submit. It appears not. Thank you, counsel. Thank you so much. Rebuttal. Thank you. Just very briefly, I believe that the complaint as it was drafted, if the inferences are taken on behalf of Mr. Friedman, you would find that he did not work on the disputed items. That's what he would plead to the extent that, right? So, for example, counsel pointed to Paragraph 31, which is a statement about what Friedman's counsel said about would be ceasing work. But if you look at Paragraph 38, it's pled that Mr. Lockerbie sends an email claiming falsely that Mr. Lockerbie observed work on the back stairs. If you find those in conflict and if Mr. Friedman should be granted leave to amend to make clear that he, in fact, did not work on any of the disputed items. To the extent of the AVCO, I think it's important to recognize that in AVCO there was no permit. That was the dispute in that case. They were building a thing without a permit at all. Here we have a permit, and that's the thing, the right to continue to construct consistent with the permit. And in terms of Building Code 107.4, I think it needs to be interpreted in terms of Section 103.1 of the Building Code, which is that all of the Building Code has to be interpreted on the basis of safety. And it's pled that there is no safety issue with any of these changes. So you've also pleaded a 1983 claim against the municipality. Where am I going to find the allegations as to who the final decision maker was creating the relevant policy? The final decision maker for the relevant policy here for the 1983 claim, I'd have to find it, but I do believe it would be Mr. Lockerbie who would make the final decision in terms of determining the Building Code and then handing out the violation. There's nothing else I can submit. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The case is submitted for decision by the court.
judges: RAWLINSON, SANCHEZ, Rosenthal